1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5    IVAN LEE MATTHEWS, II,                        Case No. 3:18-cv-00560-MMD-CBC

6                              Plaintiff,                        ORDER

7            v.

8    BRIAN WILLIAMS, *et al.*,

9                              Defendants.

10

11          This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983

12   by a state prisoner, Plaintiff Ivan Lee Matthews, II. (ECF No. 1-1.) On January 7, 2019,

13   this Court exercised its inherent power to control its docket and dismissed this case,

14   without prejudice, because Plaintiff never completed an application to proceed *in forma*

15   *pauperis* ("IFP Application"), and then failed to respond to the Court's order directing him

16   to file one, or pay the filing fee, within 30 days. (ECF No. 4; *see also* ECF Nos. 3 (the

17   prior order Plaintiff did not comply with), 5 (judgment).) Before the Court is Plaintiff's

18   motion to reopen the case, claiming he never received the prior orders ("Motion").[1] (ECF

19   No. 8.)

20          The Court will deny the Motion because Plaintiff has an obligation to keep the Court

21   apprised of his address, and if he never received the Court's prior orders, he did not fulfill

22   that obligation. Local Rule IA 3-1 provides that an attorney or pro se party must

23   immediately file with the Court written notification of any change of mailing address and

24   must also file proof of service on the opposing party. The rule also provides that "[f]ailure

25   to comply with this rule may result in the dismissal of the action. . . ." LR IA 3-1. Moreover,

26   pro se litigants must follow the same rules of procedure that govern other litigants. *See*

27   _____

28          [1]Plaintiff also does not submit an IFP Application even with his Motion, which was
     the deficiency that led to the order giving him time to cure his filing (ECF No. 3), and the
     order of dismissal for his failure to comply (ECF No. 4).

1   *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165

2   (1985), *overruled on other grounds as stated in United States v. Hanna*, 293 F.3d 1080,

3   1088 n.5 (9th Cir. 2002). Thus, it is Plaintiff's duty to keep track of his cases, including

4   complying with all orders and deadlines. The Court will therefore not excuse Plaintiff's

5   failure to keep track of this case.

6        In addition, the Court questions Plaintiff's representation that he did not receive the

7   orders in this case. Plaintiff filed this case on the same day he filed another case, Case

8   No. 3:18-cv-561-MMD-CLB ("561 Case"). In the 561 Case, on November 30, 2018, the

9   Court issued a similar order directing Plaintiff to either pay the filing fee or file an IFP

10  application. (561 Case at ECF No. 3.) Plaintiff submitted an IFP application, which was

11  incomplete, but he then cured the deficiency after the Court directed him to file a complete

12  application. (561 Case at ECF Nos. 5, 6, 7.) Clearly, Plaintiff had no issue with receiving

13  filings in his cases.

14       The Court also reiterates that it may dismiss an action, with prejudice, based on a

15  party's failure to prosecute an action, failure to obey a court order, or failure to comply

16  with local rules—as it did here. (ECF No. 4.) *See also Ghazali v. Moran*, 46 F.3d 52, 53-

17  54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v.*

18  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply

19  with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41

20  (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se

21  plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128,

22  130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order).

23       It is therefore ordered that Plaintiff's motion to reopen this case (ECF No. 8) is

24  denied. This case will remain closed.

25       DATED THIS 16th day of April 2020.

26

27   _____
     MIRANDA M. DU

28   CHIEF UNITED STATES DISTRICT JUDGE

2